**TURNER CONSTRUCTION COMPANY, Plaintiff–Appellant,**

v.

**ZURICH INSURANCE COMPANY, Defendant–Appellee.**

**No. 04–56918.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 14, 2006.

Richard S. Endres, Esq., London Fischer LLP, Irvine, CA, Edwin L. Doernberger, Esq., Saxe Doernberger & Vita, Hamden, CT, for Plaintiff–Appellant.

Karen Bizzini, Esq., Sinnott Dito Moura & Puebla, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

MEMORANDUM *

Turner Construction Company ("Turner") appeals the district court's grant of summary judgment in favor of Zurich Insurance Company ("Zurich") on Turner's claim for indemnification as an additional insured under a series of Zurich-issued insurance contracts. Turner seeks indemnification after settling without Zurich's consent in an underlying lawsuit in which

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Zurich was defending Turner. We affirm. Because the parties are familiar with the facts of the case, we do not recount them here.

Turner first alleges that the district court erroneously assigned it the burden of proof as to Zurich's affirmative defense that Turner breached the No Voluntary Payments ("NVP") Clause. On appeal, both parties correctly state that Zurich bears the burden as to this affirmative defense, as it would bear the burden of proving breach at trial. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir.2000). To establish breach, Zurich must show that Turner failed to secure its consent to the settlement. Because Zurich's lack of consent was undisputed, Zurich carried its burden of showing no genuine issue of material fact on the question of whether the clause was breached.

Turner also challenges the district court's decision to sustain many of Zurich's evidentiary objections. We hold that the district court did not abuse its discretion. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005) ("Rulings regarding evidence made in the context of summary judgment are reviewed for an abuse of discretion."). In each excluded paragraph, the declarant either fails to establish his personal knowledge or fails to set forth specific facts. The trial court therefore properly disregarded the statements for purposes of determining Zurich's summary judgment motion. Fed. R.Evid. 602; Fed.R.Civ.P. 56(e); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). Turner's claim of waiver of the attorney-client privilege as to Exhibit H of the Saxe Declaration was not presented below and is therefore waived. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir.2002).

The district court correctly found that Turner breached the NVP Clause by settling the underlying action without the consent of its defending insurer. *See Jamestown Builders, Inc. v. Gen. Star Indem. Co.*, 77 Cal.App.4th 341, 346, 91 Cal. Rptr.2d 514 (1999). Turner's argument that its breach was excused under *Isaacson v. Cal. Ins. Guarantee Ass'n*, 44 Cal.3d 775, 792, 244 Cal.Rptr. 655, 750 P.2d 297 (1988), fails. Assuming without deciding that *Isaacson* applies, Turner has adduced no evidence creating a genuine issue of material fact regarding whether Zurich refused to accept a reasonable settlement demand. *Id.* Turner did not argue economic necessity below, and therefore this argument has been waived. *Kitsap*, 314 F.3d at 999.

Because we find the district court properly sustained Zurich's summary judgment motion on the grounds that Turner breached the NVP Clause, we do not reach Zurich's alternative argument that Turner breached the No Action Clause.

AFFIRMED.